Court of Common Pleas of Lucas County.

## HENNING V. HENNING.

Decided 1929.

*A. M. Barlow,* Regional Attorney of Veterans Bureau, and *Newton R. Harrington,* for plaintiff.

*E. P. Buckenmyer, contra.*

AUSTIN, J.

This case came before the court on a motion made by J. R. McDowell as the guardian of the defendant, Earl Henning, who is now an incompetent.

The parties were granted a divorce by the court, and the plaintiff, Clara Henning, was awarded the custody of the three minor children of the parties. Subsequently to the divorce, this court, on the motion of the plaintiff, made an order, directing J. R. McDowell as guardian of the defendant, Earl Henning, to pay the sum of Sixty ($60) Dollars a month to the plaintiff, Clara Henning, for the support of their three minor children.

The defendant in this case is in receipt of certain payments from the United States Veterans' Bureau because of his present disability. His estate, in the hands of his guardian, now amounts to approximately Eleven Thousand ($11,000) Dollars, and the United States Veterans' Bureau is now paying on behalf of this claimant, disability compensation in the amount of One Hundred ($100) Dollars per month. The guardian also receives payments of War Risk Insurance in the amount of Ffty-seven and 50/100 ($57.50) Dollars per month.

In accordance with the World War Veterans' Act, 1924, the disability compensation is apportioned for the benefit of the three minor children. The plaintiff, Clara Henning, has been appointed guardian of the estates of these children and as such guardian she receives from the United States Veterans' Bureau Thirty-five ($35) Dollars per month of the disability compensation for the benefit of these children.

The United States Government, through the Regional Attorney of the United States Veterans' Bureau, A. M. Barlow, of the Regional Office, Cleveland, Ohio, joins in the motion of the guardian of the defendant to set aside the order formerly made by this court, in which J. R. McDowell as guardian of the defendant, Earl Henning, was ordered to pay Sixty ($60) Dollars per month for the support of these children.

The question now to be decided by this court, as raised by the motion, is whether this court has the authority to direct the disposition of funds in the hands of a guardian of an incompetent veteran when such an estate is made up entirely of payments received from the U. S. Veterans Bureau, and from the accumulation of such payments. Another way of putting the question at issue is as follows: Has a state court the authority to direct the disposition of funds in the hands of a guardian when the funds were and are being received under the conditions given above?

In deciding whether funds payable to an administrator on the death of the designated beneficiary of a policy of War Risk Insurance are subject to the succession tax provided for in the General Code of the state of Ohio, the Supreme Court of the State of Ohio in the case of the *Tax Commission of Ohio* v. *Rife et al.*, 119 O. S., 43, decided June 13, 1928, Ohio Iaw Bulletin and Reporter, July 30, 1928, page 43, say:

"* * * 'This constitution, and the laws of the United States which shall be made in pursuance thereof * * * shall be the supreme law of the land; and the judges in every state shall be bound thereby, anything in the constitution or laws of any state to the contrary notwithstanding."

Treating of the power of the Federal Government over money which has been paid as a gratuity because of military service, 21 Ruling Case Law, paragraph 13 on page 247 reads as follows:

"Throughout the whole period since the constitution was adopted it has been the policy of Congress to enact such regulations as will secure to the beneficiaries of the pensions granted the exclusive use and benefit of the money appropriated and paid for that purpose. * * * This power of Congress to enact such protective measures cannot well be questioned, for if it may grant pensions it is difficult to see why it may not pass laws to protect the fund appropriated for such a beneficiary of the government, certainly until it reaches his hands. And power to protect the fund from misappropriation, fraud and unauthorized conversion to the use of another, and to secure its safe and unimpaired transmission to the beneficiary, has been claimed and exercised through the whole period since Congress, under the constitution, commenced to grant pensions."

In support of this quotation Ruling Case Law cited *United States* v. *Hall,* and *Frisbie* v. *United States,* 157 U. S., 160 (39 Law Ed., 657).

In the case of *United States* v. *Jeremiah Hall,* 98 U. S., 343, 25 Law Ed., 180, the court, after extensive consideration of the rights and responsibilities of the Federal Government with respect to the distribution of pension funds, said:

"For the defendant, it is insisted that when the payment is made to the guardian the money paid ceases to be within the constitutional control of the United States, and that the Act of Congress, which enacts that the guardian who embezzles the money or fraudulently converts the same to his own use is guilty of a misdemeanor, is unconstitutional and void. But the court is unhesitatingly of a different opinion, for several reasons: 1. Because the United States, as the donors of the pension, may, through the legislative department of the government, annex such conditions to the donation as they see fit, to insure its transmission unimpaired to the beneficiary. 2. Because the guardian no more than the agent or attorney of the pensioner is obliged by the laws of Congress to receive the funds; but if he does, he must accept it subject to the annexed condi-

tions. 3. Because the word 'guardian,' as used in the Acts of Congress, is merely the designation of the person to whom the money granted may be paid for the use and benefit of the pensioners. 4. Because the fund proceeds from the United States, and inasmuch as the donation is a voluntary gift, the Congress may pass laws for its protection, certainly until it passes into the hands of the beneficiary, which is all that is necessary to decide in this case. 5. Because the elements of the offense defined by the Act of Congress in question consist of the wrongful acts of the individual named in the indictment wholly irrespective of the duties devolved upon him by the state law. 6. Because the theory of the defendant that the Act of Congress augments, lessens or makes any change in respect to the duties of a guardian under the state law is entirely erroneous, as the Act of Congress merely provides that the pension may be paid to the person designated as guardian, for the use and benefit of the pensioner, and that the person who receives the pension, if he embezzles it or fraudulently converts it to his own use, shall be guilty of a misdemeanor, and be punished as therein provided."

Various cases are cited by the attorneys for the defendant in their brief, one of which is that of *Manning* v. *Spry,* 121 Iowa, 191, 96 N. W., 873. On page 876 the court said:

"The guardian does not receive the pension as of right, indeed, as we understand it, the government may, and frequently does, withhold pensions from one under guardianship. If a guardian does receive it, he is amenable to the department for its care and disposition. *This being true, it has not reached the beneficiary until actually paid to him or expended for his benefit.* While in the guardian's hands, he is a mere trustee or depositary for the general government, and the fund, no matter what its form, is not subject to taxation."

It is not felt necessary to give further citations in view of those quoted above. Therefore, it is the opinion of this court that money in the hands of guardians, which is being received as, and which has been built up from payments received entirely from the U. S. Veterans' Bureau, is subject to the control and disposition of the proper executive branch of the Federal Government as designated

by Congress. For this reason the motion of the defendant for an order vacating the previous order of this court, in which the guardian was ordered to pay Sixty ($60) Dollars a month for the support of these children is sustained and the former order of this court ordering the guardian of the defendant to make these payments is vacated.